FILED
2006 May-30 AM 10:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| JIMMY LEE BARSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:06-cv-00796-WMA-JEO |
| | ) | |
| ED HAY and ED WARREN, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Jimmy Lee Barsh, the plaintiff, has filed a *pro se* complaint in this court pursuant to 42 U.S.C. § 1983. The plaintiff is an Alabama prison inmate incarcerated at the Donaldson Correctional Facility, which is located in the Northern District of Alabama. However, he names defendants who are either unidentified or are identified as employees of the Randolph County Sheriff's Department or the Wedowee Police Department, which are located in the Middle District. Although it is not clear from the vaguely worded complaint, it appears the plaintiff is complaining of events which occurred in Randolph County and which involved at least one employee of the Randolph County Sheriff's Department or the Wedowee Police Department.

It therefore appears from the complaint that venue is not proper in the Northern District of Alabama. A civil rights action may be brought only in the judicial district (1) where at least one of the defendants resides or (2) where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973); *Daugherty v. Procunier*, 456 F.2d 97 (9th Cir. 1972). There does not appear to be a defendant which resides in the Northern District of Alabama. In addition, the actions

of which the plaintiff complains appear to have occurred in the Middle District of Alabama. Accordingly, in the interest of justice, this action is due to be transferred to the United States District Court for the Middle District of Alabama. 28 U.S.C. § 1404(a).

**For the foregoing reasons, the magistrate judge recommends that this action be transferred to the United States District Court for the Middle District of Alabama**.

Any party may file specific written objections to this report within fifteen (15) days of the date it is filed. Failure to file written objections to the proposed findings and recommendations contained in this report within fifteen (15) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE**, this the 30th day of May, 2006.

*/s/ John E. Ott*
**JOHN E. OTT**
United States Magistrate Judge